IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL TURPEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-05-271-HE |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Turpen seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for an immediate award of supplemental security income based on a lack of substantial evidence at step five, failure to comply with the Appeals Council's remand order, and errors in the consideration of residual functional capacity ("RFC") and certain medical opinions.[1]

I.   BACKGROUND

Mr. Turpen applied for supplemental security income based on an alleged disability. Administrative Record at pp. 83-84 (certified Mar. 27, 2005) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 61, 62. An administrative hearing took

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Mar. 11, 2005).

place,[2] which resulted in a finding of non-disability.[3] On review, the Appeals Council remanded for a second hearing and instructed the administrative law judge to: (1) reevaluate the opinions of treating and examining sources, (2) obtain additional evidence concerning the impairments, (3) further evaluate the subjective complaints, and (4) reevaluate the mental impairments with the technique mandated by social security regulations. *Id.* at pp. 39-40.

On remand, a United States Administrative Law Judge found severe impairments, including a personality disorder, but concluded that the Plaintiff could perform light work as long as he limited his climbing, balancing, stooping, crouching, kneeling, crawling, and working near heights. *Id.* at pp. 19, 21, 23, 25. With this assessment, the administrative law judge determined that the Plaintiff was not disabled in light of his ability to work as a bottling line attendant, remnant sorter, and polisher. *Id.* at pp. 25-26.

The Appeals Council declined jurisdiction,[4] and the present action followed.[5]

II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal

---

[2]   *See* Rec. at pp. 260-85.

[3]   Rec. at pp. 31-35.

[4]   Rec. at pp. 5-8.

[5]   Between the first administrative hearing and the Appeals Council's remand, Mr. Turpen filed a second application. *See* Rec. at p. 17. The administrative law judge deemed the subsequent application duplicative and consolidated the claims. *Id.*

standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.   THE RFC DETERMINATION

The administrative law judge made the following RFC determination:

> [T]he claimant retains the [RFC] to perform light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm and leg controls. The claimant could occasionally climb, balance, stoop, crouch, kneel, crawl, or work around heights.

Rec. at p. 23.[6]

Mr. Turpen alleges that the administrative law judge had failed to: (1) explain and support the conclusion that the Plaintiff could perform light work, and (2) adequately consider reaching and mental limitations. Plaintiff's Opening Brief at pp. 3-5, 7-9 (June 27,

---

[6]   In her "findings", the administrative law judge stated that the Plaintiff could perform light work. Rec. at p. 25. But in the body of the decision, the judge related additional impairments regarding the ability to climb, balance, stoop, crouch, kneel, crawl, and work around heights. *Id.* at p. 23; *see supra* p. 2. These limitations were included in the judge's hypothetical questioning of the vocational expert ("VE"). The VE responded by identifying jobs that the Plaintiff could perform and the administrative law judge adopted this testimony. Rec. at pp. 24-26.

2005) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 1-3, 5-6 (Sept. 6, 2005) ("Plaintiff's Reply Brief").  The undersigned agrees with both contentions.[7]

  A. <u>Duty at Step Four</u>

At step four, the administrative law judge must evaluate the claimant's mental and physical RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). To do so, the judge must evaluate the medically determinable impairments and related restrictions, even when they are not severe. *See* 20 C.F.R. § 416.945(e) (2003)[8] ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"). The evaluation must include specific findings on the RFC and an explanation of how the administrative law judge had analyzed the evidence and resolved inconsistencies or ambiguities. *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 5, 7 (July 2, 1996).

---

[7]  Mr. Turpen also alleges errors in the credibility determination, failure to consider the mental impairments in combination, and deficiencies in the questioning of the VE. Plaintiff's Opening Brief at pp. 4, 9-12, 7-10. The Court need not address these allegations in light of the conclusion discussed in the text. *See infra* pp. 5-18 & note 22.

[8]  The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

B.  Physical Limitations

As stated, the administrative law judge concluded that the Plaintiff could perform light work,[9] with the ability to only occasionally climb, balance, stoop, crouch, kneel, crawl, or work around heights. *See supra* p. 2. The administrative law judge failed to explain and support the RFC determination and discuss potential limitations on reaching.

The Failure to Explain and Support the RFC Determination

At the administrative hearing, Mr. Turpen testified about his physical limitations. Rec. at pp. 311-12. According to the Plaintiff, he could lift 20 pounds, stand for 15 minutes, walk for 3 blocks, and sit for 45 minutes. *Id.* at p. 312. Dr. Paul Reed corroborated the Plaintiff's testimony. *See id.* at p. 193. The administrative law judge cited Dr. Reed's opinions, but ultimately rejected them because "they [were] not supported by laboratory and clinical findings and . . . [were] not consistent with the other objective medical evidence." *Id.* at pp. 20, 23. According to the Plaintiff, both reasons lacked substantial evidence. Plaintiff's Opening Brief at p. 8. The undersigned agrees for three reasons.

First, Dr. Reed's findings were supported by x-rays and observations during a physical examination. For example, x-rays indicated a reversal in Mr. Turpen's cervical anterior to posterior spine and severe degeneration in the C4 and C5 disc spaces. Rec. at p. 190. And based on a physical examination, Dr. Reed diagnosed cervical spondylosis. *Id.* at p. 194.

---

[9]  "Light" work involves the ability to: (1) lift up to twenty pound objects at a time, (2) frequently lift and/or carry objects weighing up to ten pounds, and (3) stand or walk for approximately six hours in an eight hour workday. *See* 20 C.F.R. § 416.967(b) (2003); Social Security Ruling 83-10, Titles II and XVI: Determining Capability to Do Other Work--the Medical-Vocational Rules of Appendix 2, 1983 WL 31251, Westlaw op. at 6 (1983).

Second, the administrative law judge did not explain or identify the alleged inconsistencies between Dr. Reed's opinions and the medical evidence. *See id.* at p. 23. Ms. Barnhart cites evidence which arguably contradicts Dr. Reed's findings. *Compare* Brief in Support of Commissioner's Decision at pp. 7-9 (Aug. 24, 2005) ("Defendant's Brief"), *with* Rec. at pp. 190-95. But the administrative law judge did not refer to this evidence, and the Court cannot rely on the Defendant's *post-hoc* justification. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."). Without identification of the inconsistencies by the administrative law judge, the Court must reverse. *See Wise v. Barnhart*, 129 Fed. Appx. 443, 447-48 (10th Cir. Apr. 25, 2005) (unpublished op.) (the administrative law judge's rejection of a treating physician's opinion based on alleged inconsistencies was insufficient without an identification or explanation of the inconsistencies).

Third, the administrative law judge did not otherwise explain her findings concerning the ability to perform light work. As the Defendant points out,[10] the administrative law judge

---

[10]   Defendant's Brief at p. 8.

recounted the medical evidence.[11] But the judge did not explain how the evidence supported her ultimate conclusion, and the omission is fatal. *See Southard v. Barnhart*, 72 Fed. Appx. 781, 784 (10th Cir. July 28, 2003) (unpublished op.) (reversing due to the administrative law judge's failure to include a "'narrative discussion describing how the evidence supports each conclusion, citing *specific* medical facts . . . and nonmedical evidence'" (emphasis in original)).

In these three ways, the administrative law judge had erred in her explanation of the RFC findings.

### The Failure to Discuss Potential Limitations in Reaching

The administrative law judge also failed to discuss potential limitations in the ability to reach. This error was significant because the administrative law judge concluded that Mr. Turpen could perform work which required frequent reaching.

At various times, Mr. Turpen complained of pain in his back, neck, and shoulders. Rec. at pp. 181, 187, 189, 213, 223, 229, 304. Treating physicians and state agency doctors corroborated the Plaintiff's complaints and assessed corresponding limitations. For example, Dr. C.S. Gill examined the shoulders and found "crepitus on range of motion and pain on extremes of range of motion" and chronic neck and low back pain. *Id.* at pp. 183, 184. Likewise, Dr. Samantha Lewellen stated that the Plaintiff suffered from osteoarthritis of the neck. *Id.* at p. 211. Another physician opined that the Plaintiff's right shoulder pain

---

[11]   Rec. at pp. 17-26.

probably involved his right rotator cuff.  *Id.* at p. 221.  Dr. Reed stated that x-rays revealed a reversal in Mr. Turpen's cervical anterior to posterior spine and severe degeneration in the C4 and C5 disc spaces.  *Id.* at p. 190; *see supra* pp. 5-6.  These conditions led Dr. Reed to diagnose cervical spondylosis and conclude that Mr. Turpen was unable to reach.  Rec. at p. 194; *see supra* p. 6.

The Defendant cites other evidence which could lead one to discount potential limitations in reaching.  Defendant's Brief at p. 8.  But Ms. Barnhart's argument is invalid for two reasons.

First, the argument assumes that the administrative law judge had to discuss reaching limitations only if they were "significant".  *See id.*  The assumption is erroneous because the pertinent regulations require consideration in the RFC of all impairments, "even those that are not severe. . . ."  20 C.F.R. § 416.945(e) (2003); *see supra* p. 4.

Second, the Defendant has again provided an impermissible *post-hoc* rationale for the administrative law judge's decision.  *See supra* p. 6 (citing *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)).  The Defendant has weighed opinions from Dr. Gill, Dr. Bridwell, and Dr. Lewellen and created a rationale for the administrative law judge to omit reaching limitations in the RFC.  Defendant's Brief at pp. 8-10.  But the administrative law judge did not state whether she had weighed the evidence in the manner stated by the Defendant.[12]

---

[12] After the first hearing, an administrative law judge found that the Plaintiff could not repeatedly reach in any direction. Rec. at p. 33.  As the Defendant argues, the second administrative law judge could have legitimately arrived at a different conclusion.  Defendant's Brief at pp. 9-10.  The problem here, however, is that the second administrative law judge never gave reasons for her contrary conclusion.

The record contained evidence regarding the Plaintiff's limitations in the ability to reach. The administrative law judge might have discounted the evidence or forgotten to consider it. The Court cannot tell which because of the absence of a rationale in the decision. The omission was significant because the administrative law judge had determined that the Plaintiff could perform jobs which would require the ability to effectively reach. *See* Dictionary of Occupational Titles, 920.687-042, 789.687-146, 713.684-038 (rev. 4th ed. 1991). As a result, the error requires reversal and remand. *See, e.g., Cox v. Apfel*, 166 F.3d 346, 1998 WL 864118 (10th Cir. Dec. 14, 1998) (unpublished op.) (reversing for failure to assess limitations when the claimant had presented evidence of complaints and diagnoses of corresponding impairments).

C.   Mental Limitations

As stated, the RFC determination was limited to an assessment of Mr. Turpen's physical abilities. *See supra* p. 2. Even after finding at step two that a severe personality disorder existed, the judge declined to assess any mental limitations at step four. *See id.* The omission created reversible error.

As a threshold dispute, the parties disagree regarding whether the administrative law judge had concluded at step two that Mr. Turpen suffered from a severe personality disorder. The Plaintiff answers affirmatively, and the Defendant responds in the negative. *Compare* Plaintiff's Opening Brief at p. 3, *with* Defendant's Brief at pp. 4-5. The Plaintiff is correct.

At step two, the administrative law judge stated: "The medical evidence supports a finding that the claimant has a personality disorder and disorders of the back and neck. Such

impairments cause significant vocationally relevant limitations, and are therefore considered 'severe' within the meaning of the regulations." Rec. at p. 19. At step three, the administrative law judge repeated this finding when she stated that "the claimant has personality disorders and degenerative disc disease of the cervical spine, impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet [a listed impairment]." *Id.* at p. 21. And in her "findings", the administrative law judge stated: "The claimant's personality disorders and degenerative disc disease of the cervical spine are considered 'severe' based on the requirements in the Regulations." *Id.* at p. 25 (citation omitted).

The Defendant acknowledges the first statement, but argues that "the rest of [the] decision makes it clear that [the administrative law judge] did not [find the personality disorder to be a severe impairment]." Defendant's Brief at p. 4. In support of this argument, the Defendant cites the record at pages 21 and 23. The Defendant's reliance on these pages is misplaced.

At step three, the administrative law judge concluded that the Plaintiff did not suffer from a listed impairment. Rec. at p. 21. In her discussion, the judge summarized the findings of state agency physicians, including a determination that the mental impairment was nonsevere. *See id.* at pp. 21, 172, 208. And in her credibility evaluation, the administrative

law judge apparently adopted this finding as her own, when she stated that "[t]he claimant ha[d] some depression but his mental impairment was found to be nonsevere." *Id.* at p. 23. But three times the judge said that Mr. Turpen suffered from a severe personality disorder.[13] *See supra* p. 10. This finding was incompatible with the judge's RFC determination, which omitted reference to a mental impairment or related limitations. The omission constituted error because the administrative law judge: (1) had already acknowledged significant restrictions on Mr. Turpen's ability to perform work related activities,[14] and (2) was obligated to assess functional limitations associated with his mental health.[15] *See Baker v. Barnhart*, 84 Fed. Appx. 10, 13-14 (10th Cir. Dec. 10, 2003) (unpublished op.);[16] *accord Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1036 (E.D. Wisc. 2004) ("It is true, as plaintiff notes, that an [administrative law judge] cannot find a mental impairment severe and then fail to include any limitations based on the impairment in the RFC determination." (citation omitted));

---

[13] The record supports this conclusion, as Mr. Turpen was diagnosed with intermittent explosive disorder, antisocial personality disorder, and impulse control disorder. *See* Rec. at pp. 118, 123, 176.

[14] *See supra* p. 2 (noting that Mr. Turpen suffered from a severe personality disorder).

[15] *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 1-3 (July 2, 1996); Social Security Ruling 85-16, Titles II and XVI: Residual Functional Capacity for Mental Impairments, 1985 WL 56855, Westlaw op. at 2 (1985).

[16] In *Baker v. Barnhart*, the administrative law judge found at step two that the claimant's back pain was severe. *See Baker v. Barnhart*, 84 Fed. Appx. at 12. But the judge did not include pain in the RFC assessment. *See id.* at 12-13. The Tenth Circuit Court of Appeals held that the RFC findings were erroneous in light of the determination at step two. *See id.* at 13-14. The appeals court explained that the administrative law judge's "step-two finding makes it impossible to conclude at step four that [the claimant's] pain was insignificant . . . ." *Id.* at 13.

*Spears v. Barnhart*, 284 F. Supp. 2d 477, 483-84 (S.D. Tex. 2002) (holding that the administrative law judge erred through the failure to include depression in the RFC findings after an acknowledgment at step two that the condition involved a severe impairment). As a result, reversal is necessary.

IV.  EVALUATION OF AN EXAMINING PSYCHOTHERAPIST'S OPINION

An examining psychotherapist, Jill Melrose, evaluated the Plaintiff and concluded that he suffered from "Major Depression, Severe, Recurrent." Rec. at p. 234. Mr. Turpen contends that the administrative law judge had: (1) improperly ignored Ms. Melrose's opinions that Mr. Turpen suffered from "severe" depression and that he met or equaled Listing 12.04; and (2) failed to weigh the opinion under the appropriate factors.[17] Plaintiff's Opening Brief at pp. 5-6; Plaintiff's Reply Brief at pp. 3-4. The undersigned disagrees with the Plaintiff's first contention, but agrees with the second.

Ms. Melrose opined that the Plaintiff "qualifie[d] for Social Security simply based on his Major Depression alone." Rec. at p. 234. According to the Plaintiff, this statement constituted an opinion that he met or equaled Listing 12.04. Plaintiff's Opening Brief at p. 5. The Plaintiff is incorrect. To meet or equal Listing 12.04, the Plaintiff had to satisfy specific criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04 (2003); *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (to meet a listing, the impairment must satisfy all of the specified

---

[17]   The Plaintiff also contends that the judge had failed to follow the Appeals Council's remand order to "consider and address treating source medical opinions." Plaintiff's Opening Brief at p. 6. The Court need not address this contention. *See supra* note 7; *infra* note 22.

medical criteria). Ms. Melrose did not state that the Plaintiff had met any of the pertinent criteria,[18] and the Court should reject this argument.

Likewise, the Court should reject Mr. Turpen's argument that the administrative law judge had "specifically omitted Ms. Melrose's opinion of the severity of Plaintiff's depression." Plaintiff's Opening Brief at p. 5. In the decision, the judge thoroughly summarized Ms. Melrose's opinion, including her conclusion that the Plaintiff suffered from "major depression, severe, recurrent." Rec. at p. 21.

Even though the administrative law judge summarized the opinion, she erroneously failed to weigh the evidence and explain any related findings. Mr. Turpen implies that the opinion should be given the deference afforded a treating physician. *See* Plaintiff's Opening Brief at p. 6.[19] But Ms. Melrose was not a "treating source," as she only examined the Plaintiff once. *See* Rec. at p. 234; *see also* 20 C.F.R. § 416.902 (2003) (defining a "treating source" as "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you").

---

[18]     *See* Rec. at p. 234.

[19]     Under the "treating physician rule," the SSA generally gives greater weight to the opinions of sources who have treated the claimant than those who have not. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173-74 (10th Cir. 2005).

Even though Ms. Melrose was not a treating source, she still qualified as an acceptable medical source[20] and the administrative law judge should have evaluated the opinion and explained her findings. *See* 20 C.F.R. § 416.927(d) (2003) ("Regardless of its source, we will evaluate every medical opinion we receive."); Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 3 (July 2, 1996) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored").[21] As stated, the administrative law judge throughly summarized Ms. Melrose's report. Rec. at p. 21; *see supra* p. 13. But the judge failed to explain her view of Ms. Melrose's opinion, and the omission constituted error. *See Lackey v. Barnhart*, 127 Fed. Appx. 455, 457-58 (10th Cir. Apr. 5, 2005) (unpublished op.) (reversing because the administrative law judge had failed to properly evaluate an examining physician's opinion on an issue reserved to the Commissioner).[22]

---

[20]   *See Miller v. Barnhart*, 43 Fed. Appx. 200, 203 (10th Cir. July 22, 2002) (unpublished op.) ("A therapist's opinion is also acceptable as a medical source opinion." (citations omitted)).

[21]   Ms. Melrose opined that the Plaintiff qualified for benefits based on his depression alone, but this conclusion involved an issue reserved to the SSA Commissioner. *See* 20 C.F.R. § 416.927(e) (2003).

[22]   The Plaintiff argues that the omission had violated not only the regulations, but also the Appeals Council's remand order. Plaintiff's Opening Brief at p. 6; Plaintiff's Reply Brief at pp. 3-4. The Court need not decide whether the omission violated the Appeals Council's instructions. *See supra* notes 7, 17.

V.   FAILURE TO COMPLY WITH THE APPEALS COUNCIL'S REMAND ORDER

Following the first administrative hearing, the Appeals Council remanded and ordered the second administrative law judge to evaluate the Plaintiff's mental impairment with a technique mandated by the social security regulations:

> Upon remand the Administrative Law Judge will . . . [f]urther evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 416.920a and document application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 416.920a.

Rec. at pp. 39-41. The administrative law judge erred through failure to comply with these instructions. *See* 20 C.F.R. § 416.1477(b) (2003) ("The administrative law judge shall take any action that is ordered by the Appeals Council. . . .").

When evidence of a disabling mental impairment exists, the administrative law judge must evaluate and document the mental impairment. *See Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). Her initial duty was to determine whether there was evidence of a mental impairment. *See* 20 C.F.R. § 416.920a (2003). The regulations then required the judge to assess the severity of the claimant's mental limitations in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) deterioration or decompensation in work or work-like settings. 20 C.F.R. § 416.920a(b)(3) (2003).[23]

---

[23]   This procedure is not an RFC assessment, but is performed to rate the severity of mental impairments at steps two and three of the sequential evaluation process. *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 4 (July 2, 1996).

At steps two and three, the administrative law judge rated the degree of functional limitation in the four areas, determining that Mr. Turpen suffered: (1) from none to mild restrictions in daily living; (2) none to mild difficulties in social functioning; (3) none to mild deficiencies in concentration, persistence, or pace; and (4) no episodes of decompensation. Rec. at p. 21.[24] But the administrative law judge failed to provide a rationale for these conclusions, as instructed by the Appeals Council. *See supra* p. 15.[25]

The lack of explanation was particularly important because the administrative law judge's conclusions create an internal inconsistency within the decision. The judge found

---

[24] According to Mr. Turpen, the administrative law judge "noted the findings of the State agency medical consultants as to the severity of Plaintiff's mental impairments as 'none' or 'mild,' but she failed to make her own rating in the four areas as required by the regulation." Plaintiff's Opening Brief at p. 4 n.2. The Court may assume *arguendo* that the administrative law judge was referring to her own findings rather than those of the agency consultants.

[25] Before she cited Mr. Turpen's degree of functional limitation in the four areas, the administrative law judge stated:

> It is noted that the claimant alleges back pain and his activities of daily living are limited by his complaints of physical pain. The claimant was court ordered into substance treatment in January 2000 following being jailed for a physical alteration [sic] with his brother while under the influence of crank. Treatment noted [sic] indicate that he has been abstinent and doing well. He had a long history of substance abuse and was diagnosed with methamphetamine abuse and impulse control disorder. The claimant is not currently consistently taking medication or seeking counseling for depression.

Rec. at p. 21.

Arguably, the administrative law judge provided a rationale for her finding that the Plaintiff had only "mild" limitations in daily living. But the judge did not explain her remaining findings despite the Appeals Council's instructions to do so. *See supra* p. 15.

a severe personality disorder at step two,[26] but later concluded that the restrictions in social functioning were either non-existent or mild.[27] The two findings are difficult to reconcile. By definition, a "personality disorder" exists only when "personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress."  20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.08 (2003).  Because the administrative law judge did not explain her conclusions, the Court cannot determine in any meaningful fashion whether error existed in the minimal restrictions for social functioning.[28] *See Scott v. Chater*, 70 F.3d 1282, 1995 WL 694084, Westlaw op. at 6 (10th Cir. Nov. 24, 1995) (unpublished op.) (reversing in part based on noncompliance with the Appeals Council's remand instructions).

---

[26]     *See supra* pp. 2, 10-11.

[27]     *See supra* p. 16.

[28]     The administrative law judge also found that there were no episodes of decompensation. Rec. at p. 21. But again the Court cannot tell how the administrative law judge had arrived at this conclusion. She conceded that Mr. Turpen had been institutionalized at a facility for chemical dependency and a halfway house. *Id.* Both placements could have constituted evidence of episodes of decompensation. *See* 20 C.F.R. Pt. 404, Subpt. P. App. 1 § 12.00(C)(4) (2003) (episodes of decompensation "may be inferred from . . . documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household)"). But without any discussion, the administrative law judge simply concluded that there had not been any such episodes. *Id.* The administrative law judge might have discounted the placements or forgotten to consider them. Because the administrative law judge failed to provide a rationale for her conclusion, the Court cannot determine whether the analysis was correct.

VI.   THE APPROPRIATE REMEDY ON REMAND

With the reversal, the Court could remand to the SSA for further hearing or direct an award of benefits to the claimant. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). The Plaintiff has requested a remand for an award of benefits. *See* Plaintiff's Opening Brief at p. 12; Plaintiff's Reply Brief at p. 10. Two factors strongly support the Plaintiff's request.

First, Mr. Turpen applied for benefits approximately 5½ years ago,[29] and further delay would be inequitable.[30]

Second, the SSA has already provided two administrative hearings and an equal number of reviews by the Appeals Council. *See supra* pp. 1-2. "The [SSA] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'" *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The two factors should result in directions for payment of supplemental security income, rather than reconsideration by the SSA.

---

[29] Rec. at pp. 83-84.

[30] *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending over four years); *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (award directed when more than six years had passed since the claimant's application for disability benefits).

VII.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand with directions for the SSA to award supplemental security income to the Plaintiff. The amount of the payments should be left to the SSA on remand.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The objections are due November 9, 2005. *See* W.D. Okla. LCvR 72.1(a). If a party does not file written objections by November 9, 2005, he would waive any right to appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VIII. STATUS OF THE REFERRAL

The referral is terminated.

Entered this 20th day of October, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge